a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONICA HAAMID PHILLIPS #429550, Plaintiff | CIVIL DOCKET NO. 1:21-CV-03796 SEC P |
| VERSUS | JUDGE DRELL |
| ASHLEY LEMOINE ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Jonica Haamid Phillips ("Phillips"). Phillips is an inmate in the custody of the Louisiana Department of Corrections, housed at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Phillips alleges that money was wrongfully withdrawn from his inmate account to pay debts.

Because Phillips fails to state a viable constitutional claim, his § 1983 Complaint (Doc. 1) should be DENIED and DISMISSED.

I. Background

Phillips alleges that he submitted a request to purchase items from Union Supply with money held in his Reserve Account. Phillips states that his written order and request were returned to him that evening with a note that he needed to transfer funds from his Reserve Account to his Drawing Account. ECF No. 1 at 3. Phillips states that he requested a transfer from the Reserve Account of $570.00 to cover his

1

purchase. Four days later, the order form was returned to Phillips stating that he did not have sufficient funds in his Drawing Account to pay for the order. *Id.* at 4.

According to the Unit Head's response to Phillips's grievance, which is attached to the Complaint, the request to transfer funds was submitted on June 26, 2021 and completed on June 28, 2021. The banking department did not have Phillips's withdrawal request to pay Union Supply when it processed the transfer request, so they were not aware of the purpose for the transfer. *Id.* at 10. Once the funds were moved to the drawing account, they were used to pay outstanding debts to the State of Louisiana and this Court. *Id.* The Unit Head indicates that the withdrawal request to pay Union Supply was not received until June 30, 2021, after the money had been used to pay debts. *Id.*

Phillips alleges it was the staff's responsibility to make sure the transfer would be used as Phillips intended. *Id.* at 10-11.

## II. Law and Analysis

### A. Phillips's Complaint is subject to preliminary screening.

Phillips is a prisoner proceeding *in forma pauperis*. ECF No. 6. As a prisoner seeking redress from an officer or employee of a governmental entity, Phillips's Complaint is subject to preliminary screening pursuant to § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Phillips's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state

a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Phillips cannot state a constitutional claim for the allegedly mishandled funds.

A prisoner has a protected property interest in the funds in his prison account. *See Rosin v. Thaler*, 417 F. App'x 432, 434 (5th Cir. 2011) (per curiam). And the Fourteenth Amendment protects against the deprivation of one's property by state actors without due process of law. *See Parratt v. Taylor*, 451 U.S. 527, 536–37 (1981), (*overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)).

Phillips alleges that Defendants are liable for depriving him of $570. However, the Supreme Court has held that a negligent or intentional deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation if state law provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533–34 (1984); *Washington v. Collier*, 17-CV-2129, 2017 WL 4280927 (S.D. Tex. 2017).

Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir.

1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (citing Louisiana Civil Code Article 2315, and observing that "Louisiana law affords an opportunity to redress intentional torts under the same section of the Code by which negligence is remedied"); *Fuller v. XTO Energy, Inc.*, 43,454 (La.App. 2 Cir. 8/13/08), 989 So.2d 298 (recognizing the tort of conversion).

There is no constitutional protection afforded to Phillips for the alleged mishandling of his money. Louisiana law provides Phillips the opportunity to seek redress in its state courts, which is all the process Phillips is due. *See* La. Civ. Code art. 2315.

### III. Conclusion

Because Defendants are not liable under § 1983 for the loss of Phillips's money, IT IS RECOMMENDED that Phillips's Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

5

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, December 8, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE